# EXHIBIT H

*Jeremy Eubanks' Exhaustion Materials*

# Jeremy Eubanks (Register Number 50590-018)

Law Legal Clinic <law-legal-clinic@uiowa.edu>
Wed 12/20/2023 4:09 PM
To:MAN-ExecAssistant@bop.gov <MAN-ExecAssistant@bop.gov>

📎 1 attachments (667 KB)
12-20-23 - Cover Letter to Warden - FCI Manchester.pdf;

Warden,

Please see attached a letter requesting a reduction in Jeremy Eubanks' (Reg. No. 50590-018) sentence.

Best,

*/s/ Alison K. Guernsey*
Alison K. Guernsey
Clinical Law Professor

**Confidentiality Notice**

This e-mail transmission and any accompanying attachments contain information from the Clinical Law Programs at the University of Iowa College of Law that is confidential and/or legally privileged and is intended only for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, you are hereby notified that any disclosures, copying, distribution, or the taking of any action in reliance upon the contents of this e-mail information is strictly prohibited and that the documents should be returned to this firm immediately. In this regard, if you have received this email in error, please notify us by phone immediately so that we can arrange for the return of the original documents to us at no cost to you or your business.

Clinical Law Programs
University of Iowa College of Law, Iowa City, IA 52242-1113
319-335-9023



No. 8:09-cr-00025-JDW-AEP
Exhibit H
1



**College of Law**
Clinical Law Program
University of Iowa
380 Boyd Law Building
Iowa City, Iowa 52242-1113
319-335-9023
Fax 319-353-5445

SENT VIA EMAIL

December 20, 2023

Warden
FCI Manchester
U.S. Penitentiary
805 Fox Hollow Road
Manchester, KY 40962
MAN-ExecAssistant@bop.gov

RE:   Request for RIS – Jeremy Neil Eubanks, Reg. No. #50590-018

Dear Warden,

    We are writing to request a reduction in sentence on behalf of our client, Mr. Jeremy Eubanks, who is currently housed at FCI Manchester. The request is being made on Mr. Eubanks' behalf given the new policy guidelines that went into effect on November 1, 2023. U.S. SENT'G GUIDELINES MANUAL § 1B1.13(b). The request is being made in accordance with 18 U.S.C. § 3582(c)(1)(A) and BOP Program Statement 5050.50 § 571.61(a).

    Mr. Eubanks has established that there are "extraordinary and compelling reasons" that warrant a reduction in his sentence to time served. Furthermore, Mr. Eubanks has a proper release plan in place. Mr. Eubanks will live with his parents, have employment, and receive critical mental health and addiction services that he cannot obtain in prison.

1. **Mr. Eubanks is serving an unusually long sentence that, when paired with his unique circumstances, makes his sentence "extraordinary and compelling."**

    First, Mr. Eubanks is serving an unusually long sentence. U.S. SENT'G GUIDELINES MANUAL § 1B1.13(b)(6). The U.S. Sentencing Guidelines have been amended, effective November 1, 2023, to recognize that an usually long sentence may be an extraordinary and compelling circumstance warranting a reduction in sentence. *Id.* An unusually long sentence may be considered an extraordinary and compelling circumstance when there has been a change in the law (other than a non-retroactive amendment to the Guidelines Manual), and the recipient has served at least 10 years of the term of imprisonment. *Id.* In addition, the

change in the law must "produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." *Id.*

In May 2010 Mr. Eubanks was sentenced to serve 84 months and 300 months consecutively on two counts of 18 U.S.C. § 924(c)(1)(A). Clerk's Minutes at 1, ECF No. 77. The first count carried a 7-year mandatory minimum. Plea Agreement at 1, ECF No. 65. The second count carried a 25-year mandatory minimum. *Id.* at 2. Mr. Eubanks thus received a 32-year sentence. These sentences were consistent with the mandatory minimums required at the time because of the 924(c) "stacking" provision. *Id.* at 1. However, the First Step Act of 2018 removed the "stacking" provision for Section 924(c). First Step Act of 2018, Pub. L. No. 115-391 § 403.

If Mr. Eubanks were sentenced today his mandatory minimum would be fourteen years, not thirty-two years. This would take the expiration of Mr. Eubanks' full term from June 17, 2040, to June 17, 2022. In other words, Mr. Eubanks would be free. Therefore, Mr. Eubanks has demonstrated that he has been affected by a change in the law, that he has served over 10 years of his term, and that he is suffering due to an 18-year sentencing disparity. Thus, Mr. Eubanks' is serving an unusually long sentence that warrants his release. U.S.S.G. § 1B1.13(b)(6) (effective Nov. 1, 2023).

Additionally, Mr. Eubanks sentence is far above the recommended sentence under the United States Sentencing Commission's Sentencing Guidelines. Mr. Eubanks' total offense level was 21 at the time of sentencing. PSR at 8, ¶ 65. With his criminal history category being a level III, his recommended sentence under the U.S. Sentencing Guidelines was 46 to 57 months. PSR at 10, ¶ 79; *id.* at 16, ¶ 120. Despite the low recommended sentence, the statutory mandatory minimum demanded a sentence of 384 months. PSR at 16, ¶ 121.

Furthermore, the Sentencing Commission voted to limit the overall criminal history impact of "Status Points" under Part A of Amendment 821 §4A1.1 effective February 1, 2024. U.S.S.G. § 4A1.1. The amendment eliminates §4A1.1(d) which added 2 points to Mr. Eubanks' criminal history score. *Id.*; PSR at 10, ¶ 76. The elimination of the 2 points changes Mr. Eubanks' criminal history category to II and brings his recommended sentence to 41 to 51 months. U.S.S.G. § 5A. Therefore, Mr. Eubanks sentence will be 28 years longer than the guidelines recommendation. This all shows that the individual circumstances surrounding Mr. Eubanks' unusually long sentence warrant his release.

Second, Mr. Eubanks' individualized circumstances have placed his mental health in significant risk due to his unique circumstances. Mr. Eubanks is a victim of the opioid epidemic, and he has not and cannot receive proper treatment for his addiction in BOP custody. The First Step Act expanded the operation of the medication-assisted treatment (MAT) for people incarcerated in federal prison with opioid use disorder. First Step Act of 2018 § 607. Despite the mandate for proper drug-abuse treatment, the BOP has not provided the necessary treatment he needs.[1] Additionally, Mr. Eubanks has a history of

---

[1] *See* Beth Schwartzapfel & Keri Balkinger, *Federal Prisons Were Told to Provide Addiction Medications. Instead, They Punish People Who Use Them*, THE MARSHALL PROJECT (Dec. 12, 2022, 6:00 AM),

PTSD that cannot be properly treated in a carceral environment. Mr. Eubanks suffers from PTSD as a result of his service to the United States while a member of the United States Air Force. Mr. Eubanks' reputation as a "law enforcement officer" exacerbates his mental health concerns. Inmates with a law enforcement background are targeted by their fellow inmates. This targeting puts Mr. Eubanks' physical well-being at risk and has a detrimental effect on his mental well-being. These unique circumstances make Mr. Eubanks unusually long sentence "extraordinary and compelling."

2. **Mr. Eubanks unique circumstances are "extraordinary and compelling reasons" under § 1B1.13(b)(5).**

the reasons Mr. Eubanks presents *supra* Part 1 would also be "extraordinary and compelling" under §1B1.13(b)(5) of the U.S. Guidelines Manual. That section states that an "extraordinary and compelling reason" to warrant a reduction in sentence exists if:

> [t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

U.S. SENT'G GUIDELINES MANUAL § 1B1.13(b)(5). Meaning that "other reasons" may constitute "extraordinary and compelling reasons" if they are "similar in gravity" to certain explicitly recognized reasons.

Paragraphs (1) through (4) recognize that medical circumstances, old age, family circumstances, or being the victim of abuse would be an "extraordinary and compelling reason." U.S.S.G §1B1.13(b)(1)–(4). With that in mind, we turn to the meaning of "gravity." Black's Law Dictionary defines gravity as "[s]eriousness of harm, an offense, etc., as judged from an objective legal standpoint." *Gravity*, BLACK'S LAW DICTIONARY (11th ed. 2019).

So, the question is whether Mr. Eubanks' unusually long sentence, in combination with his mental health concerns, are similar in severity to a medical circumstance, old age, family circumstances, or being the victim of abuse. The answer is yes. Mr. Eubanks' unusually long sentence and his unique mental health concerns are of similar severity to medical circumstances, old age, family circumstances, and being the victim of abuse. Therefore, Mr. Eubanks has presented "extraordinary and compelling reasons" under §1B1.13(b)(5).

3. **Mr. Eubanks Will Live with His Parents and Receive Adequate Treatment Upon Release.**

---

https://www.themarshallproject.org/2022/12/12/suboxone-federal-prison-opioid-addiction-treatment-overdose (discussing how at least 90 percent of inmates who need substance abuse treatment are being neglected).

3                    No. 8:09-cr-00025-JDW-AEP
                                                                      Exhibit H
                                                                      4

Lastly, Mr. Eubanks has a solid release plan that demonstrates he will be an asset to society. Mr. Eubanks will reside with his parents. John and Laurie Eubanks at their home at 630 Edgewater Dr., Inverness, Florida 34453.

Mr. Eubanks has a strong and consistent relationship with his parents. His parents have continuously supported and advocated for him. They also visit Mr. Eubanks' children and ex-wife regularly to maintain a close familial bond. Therefore, living with his parents will give Mr. Eubanks the ability to build a relationship with his kids.

If Mr. Eubanks is released, he will have access to drug rehabilitation programs that Mr. Eubanks cannot access while in BOP custody. Mr. Eubanks understands and wants to enter effective substance abuse programs upon release. Mr. Eubanks has been exploring several options upon his release, including:

- Veterans Affairs
- Groups Recover Together, Addiction Treatment Center, (352) 505-2432
- Therapeutic Health Endeavors Institute Inc., Counseling and Substance Abuse Services, (352) 637-0605

Furthermore, upon release, Mr. Eubanks will be able to contribute and repay his debt to society. Mr. Eubanks' family is prepared to provide financial support as needed, but Mr. Eubanks already has employment lined up. Mr. Eubanks' brother, Ryan Eubanks, owns a business and has offered Mr. Eubanks a job as a Screen Press Operator or Sales Representative upon his release. Ryan Eubanks has confirmed that Mr. Eubanks will have flexible hours that allow him to work as often as he can while also ensuring he receives the mental health and addiction services he requires. You may find the name of the employer, the address, and the phone number below.

Motion Driven Studios
Spring Hill, FL 34609
(352) 515-0688

In conclusion, we respectfully request that you file a motion for a sentence reduction with the U.S. District Court for the Middle District of Florida, Tampa Division, on Mr. Eubanks' behalf, requesting his immediate release. Mr. Eubanks has established extraordinary and compelling circumstances that warrant his release. He also has a release plan that will provide him with strong family and financial support, as well as enable him to get the critical treatment and services that he has been unable to access in BOP custody.

We look forward to your response. And please acknowledge receipt of this request.

Sincerely,

/s/ *Alison K. Guernsey*
Alison K. Guernsey

Clinical Professor

/s/ *Tanner Duncan*
Tanner Duncan
Clinical Law Student

/s/ *Avery Epstein*
Avery Epstein
Clinical Law Student